## TERRITORY *v.* ANTONIO REGUSIRA.

## No. 1316.

### EXCEPTIONS FROM CIRCUIT COURT FIRST CIRCUIT.
### HON. J. J. BANKS, JUDGE.

ARGUED JUNE 3, 1921.                    DECIDED JUNE 13, 1921.

COKE, C. J., KEMP, J., AND CIRCUIT JUDGE FRANKLIN
IN PLACE OF EDINGS, J., ABSENT.

CRIMINAL LAW—*assault being armed with a dangerous weapon with intent to commit the crime of murder—lesser degrees of the same offense.*

> While a person charged with assault being armed with a dangerous weapon with intent to commit murder may if the evidence warrants be found guilty of an assault and battery or of a simple assault he may not under that charge be convicted of an assault with a weapon obviously and imminently dangerous to life.

SAME—*instructions to jury covering lesser degree of same offense.*

> Assault and battery and simple assault are lesser degrees of the crime of assault being armed with a dangerous weapon with intent to commit the crime of murder and under the evidence in this case it was error to refuse an instruction to that effect.

OPINION OF THE COURT BY COKE, C. J.

The defendant above named, Antonio Regusira, was indicted by the grand jury of the first judicial circuit charged with the crime of assault being armed with a dangerous weapon with intent to commit the crime of murder. The jury found him guilty of an assault with a weapon obviously and imminently dangerous to life. The defendant comes to this court upon a bill of exceptions which presents three errors alleged to have been committed by the judge presiding at the trial of the cause.

The first exception relied upon challenges the correct-

ness of the ruling of the court permitting the introduction
by the prosecution of a statement signed by the defendant
shortly after his arrest in the presence of H. T. Lake, an
officer attached to the city and county attorney's depart-
ment, and which statement purports to give the defend-
ant's version of the circumstances surrounding the alleged
offense. The objection to the statement was a general
one and there was no motion to strike any part of it
hence we are unable to say that reversible error was com-
mitted by allowing the introduction of the entire state-
ment. (See *Territory* v. *Palai,* 23 Haw. 133, 139.) The
prejudicial effect, if any, of the introduction of the state-
ment was perhaps rendered harmless when the defendant
subsequently took the witness stand and gave evidence of
the same import as the facts contained in the signed state-
ment. (See *Bloom* v. *State,* 155 Ind. 292.)

The second exception runs to the ruling of the trial
judge in respect to certain instructions which were given
to the jury at the request of the prosecution and also to
the refusal of the judge to give other instructions
requested by the defendant. Particular objection is made
by the defendant to the giving of the prosecution's
instruction No. 11 which reads as follows: "I further
instruct you that the crime with which the defendant
stands charged includes the crime of assault and battery
with a weapon obviously and imminently dangerous to
life, which crime is defined by our statute as follows:
'Assault with knife, sword-cane, etc. Whoever shall com-
mit an assault or assault and battery on another with a
knife, sword-cane, or any other weapon obviously and
imminently dangerous to life, shall be punished' etc." As
a justification for this instruction the prosecuting attor-
ney relies upon section 3826 R. L. 1915, reading as fol-
lows: "Upon the trial of any person charged with any
offense he may be found guilty of any lesser degree of the

same offense or of any offense necessarily included in that with which he is charged, as the facts proved may warrant." Counsel for defendant urges that the crime of assault with a weapon obviously and imminently dangerous to life specified in section 3880 is not a lesser degree of the crime of assault being armed with a dangerous weapon with intent to commit murder designated in section 3878, nor is it an offense necessarily included therein. We think the former opinion of this court *In re Titcomb,* 9 Haw: 131, 133, is decisive of the question. In that case this court said: "An assault by a person armed with a dangerous weapon cannot be considered as identical with an assault with a weapon obviously and imminently dangerous to life as the latter weapon would require no proof of its character since an inspection of it or a description of it would make its character apparent to the jury, whereas the term 'a dangerous weapon' would include a larger class of weapons, some of which would not be obviously and imminently dangerous to life. * * * We do not consider it a refinement of language to hold that a verdict of guilty of an assault with a weapon dangerous to life would not answer the description of the offense of an assault with a weapon obviously and imminently dangerous to life." Counsel for the prosecution points out that since the date of the rendition of the *Titcomb* opinion the legislature has extended the scope of section 3826 and claims that for this reason the opinion in the *Titcomb* case is not applicable to the law as amended. With this we do not agree. While it is true that the statute has been amended it is still the law in this jurisdiction that while a person charged with assault being armed with a dangerous weapon with intent to commit murder may if the evidence warrants be found guilty of an assault and battery or of a simple assault he may not under that charge be convicted of an assault with a

weapon obviously and imminently dangerous to life for, as said in the *Titcomb* case, the latter crime is not a lesser degree of the same offense nor an offense necessarily included in the one charged.

It is further contended by the defendant that the trial court erred in refusing his requested instruction No. 6. This instruction was to the effect that under the indictment and the evidence the jury might find the defendant guilty as charged, or guilty of an assault and battery, or guilty of an assault, or might find him not guilty. While the record is silent upon the point we infer from the statement of counsel at the argument that the court based its refusal to give defendant's instruction No. 6 upon the ground that it did not include a direction to the jury that the defendant might be found guilty of an assault with a weapon obviously and imminently dangerous to life. In the prosecution's instruction No. 20 the court advised the jury that it might bring in any one of the following verdicts, namely, (1) guilty as charged, (2) guilty of assault and battery with a weapon obviously and imminently dangerous to life and (3) not guilty. Counsel for defendant objected to that part of the instruction which permitted a verdict of guilty of assault and battery with a weapon obviously and imminently dangerous to life. Hence to refuse the defendant's instruction No. 6 because it did not include the objectionable portion of the prosecution's instruction No. 20 was to force defendant's counsel into the anomalous position where to obtain that to which he was clearly entitled he would first be compelled to ask an instruction which he was objecting to and protesting against as prejudicial to the defendant. Defendant's counsel properly refused to thus sacrifice what he deemed to be the rights of his client and the case was submitted to the jury without any instruction indicating to the jury that the defendant might be found

guilty of either of the lesser offenses. It is conceded by the prosecuting officer that assault and battery and simple assault are lesser degrees of the offense charged and necessarily included therein and that under the evidence in this case the defendant would have been entitled to an instruction to that effect had he made proper request therefor. But it is claimed that defendant's instruction No. 6 was rightfully denied because of its exclusive character. It is clearly no more exclusive than is the prosecution's instruction No. 20 and even granting that the prosecution was entitled to an instruction that the jury might have found the defendant guilty of an assault and battery with a weapon obviously and imminently dangerous to life yet it would still have been incumbent upon the court to grant the defendant's request to instruct the jury to the effect that it might also have found the defendant guilty of an assault and battery or of a simple assault. Nothing here said conflicts in the least with the former opinion of this court in *Territory* v. *Furomori,* 20 Haw. 344.

It would serve no useful purpose for us to review the facts in this case. It is sufficient to mention that there was much conflict in the testimony and no one may say that had the jury been properly instructed the verdict might not have been more favorable to the defendant.

As a result of these conclusions the defendant's exceptions numbered 2 and 3 are sustained and the cause is remanded to the court below for a new trial and it is so ordered.

*H. E. Stafford,* Third Deputy City and County Attorney (*W. H. Heen,* City and County Attorney, with him on the brief) for the Territory.

*C. S. Davis* (*A. L. C. Atkinson* and *Brown, Cristy & Davis* on the brief) for defendant.