## TERRITORY v. WONG PUI.

### No. 1696.

PETITION FOR REHEARING.

FILED DECEMBER 14, 1926.     DECIDED DECEMBER 22, 1926.

PERRY, C. J., BANKS AND PARSONS, JJ.

ASSAULT AND BATTERY—*corporal injury.*

> A charge that a defendant did shoot off and discharge a pistol laden with gunpowder and bullets at and against the complainant is a charge of an attempt by the defendant to do the complainant a corporal injury.

OPINION OF THE COURT BY PERRY, C. J.

The defendant moves for a rehearing on two grounds. The first is that the opinion filed by this court on November 27, 1926, "was erroneously premised and based as recited in the second paragraph thereof upon the following: 'The precise point urged in support of this contention is that a charge that the defendant did shoot off and discharge a pistol at and against another is not a charge that the bullets hit the complainant but at best indicates an attempt on the part of the defendant to hit the complainant or, in other words, a mere assault' "; and that the court "apparently overlooked that the precise point urged by this defendant * * * was not that shoot-

ing off and discharging a pistol at and against another is not a charge that the bullet hit the complainant but on the contrary the point was that shooting off and discharging a pistol at and against another did not allege that said person received a corporal injury thereby, in other words, it did not allege that the person was injured or wounded thereby, and that a corporal injury was the sole difference between the crime of assault and the crime of assault and battery as defined in our statute and that in fact the expression 'hit' was not used as it does not convey anything further than shooting at and against would convey."

In the original opinion the court, without deciding whether the indictment in charging a shooting at and against the complainant charged an assault and battery, held that it did charge an assault and that the undisputed evidence that defendant's efforts to hit the complainant with bullets from the pistol were successful was sufficient to establish the truth of the charge of an attempt to hit the complainant. Under our statute (R. L. 1925, Sec. 4127) "an assault is a malicious attempt forcibly to do a corporal injury to another without authority or justification by law." The indictment admittedly charges the ingredients of malice and force and that the acts done were without authority or justification by law. Upon the first ground of the present motion for a rehearing, it is our opinion that a charge that a defendant did shoot off and discharge a pistol laden with gunpowder and bullets at and against the complainant is a charge of an attempt by the defendant to do the complainant a corporal injury. "Every one shall be presumed to intend the natural and plainly probable consequences of his acts." R. L. 1925, Sec. 3934. The natural and plainly probable consequence of aiming a loaded pistol at another and discharging it is the infliction of a corporal

injury. An attempt to hit another with a pistol-driven bullet is an attempt to cause him bodily injury.

The second ground of the motion is that the original opinion "did decide a vital issue in this case upon the ground that it was not a 'federal question,' and that this point was not argued" and that the court "apparently overlooked that a federal question, a constitutional one, was involved in that while a defendant may waive his constitutional protection by taking the witness stand in his own behalf under the holdings of the United States Supreme Court he does not waive it to the extent of permitting the introduction of the evidence against him which the Supreme Court of the United States has held to have been unlawfully secured and held to be inadmissible until a proper foundation has been laid which was not done in this case,—in other words, the decisions of the United States Supreme Court must be considered together and that in so considering them they do not hold that a defendant in a criminal case by taking the witness stand in his own behalf waives things which the same court would hold to be inadmissible against him." A re-examination of the original opinion does not disclose anywhere the statement that any question involved in this case was not a "federal question." Our reasons for the conclusion there reached on the subject of the cross-examination of the defendant are so fully stated in the original opinion that it is unnecessary to add to them here. They sufficiently dispose of the second ground of the motion which ground was not overlooked but was fully considered.

The motion is denied, without argument, under the rule.

*H. E. Stafford* for the petition.

CONCURRING OPINION OF BANKS, J.

I agree that the petition for a rehearing should be denied. So far as the first ground of the petition is concerned, however, I prefer to base my conclusion on a somewhat different reason from that given in the opinion of the court. The indictment in effect charges that the defendant with force of arms wilfully, feloniously and maliciously and without authority or justification by law discharged a pistol loaded with gunpowder and leaden bullets at and against one Leong Yip. It is stated in the first ground of the petition that "this honorable court apparently overlooked that the precise point urged by this defendant, as shown by the briefs and in the argument of the counsel for the defendant, was not that shooting off and discharging a pistol at and against another is not a charge that the bullet 'hit the complainant' but on the contrary the point was that shooting off and discharging a pistol 'at and against' another did not allege that said person received a corporal injury thereby in other words it did not allege that the person was injured or wounded thereby." This apparently is a concession by the defendant that the indictment sufficiently charges that the bullet that was fired from the pistol came in *contact* with the person of Leong Yip but it is urged that the court in its opinion overlooked the contention made in the defendant's brief and in the argument of his counsel that such allegation is insufficient to charge that a corporal injury was thereby inflicted on Leong Yip. It seems clear to me that a charge that a pistol loaded with gunpowder and leaden bullets was discharged *against* the person of one at whom it was aimed is a charge that such person was thereby corporally injured. I know of no precedent for the proposition that if one wilfully, feloniously and maliciously and without authority or justification by law brings himself in *contact* with another, *however slightly,* or sets in motion a force that

results in such *contact* he has not thereby in a legal sense inflicted a corporal injury. The extent of the injury is wholly immaterial. It is not necessary that the contact should have caused an abrasion or brought blood or knocked the victim to the ground. It is not even necessary that the missile should have penetrated his clothing. In a case of assault and battery, if it is not necessary to prove a corporal injury other than the contact itself it certainly is not necessary to allege it in the indictment. It is obvious to my mind that the indictment charges an assault and battery with the kind of a weapon mentioned in the statute and it would avail the defendant nothing to be granted a rehearing on the first ground set out in the petition. I am in accord with the opinion of the court on the second ground of the petition.