## IN THE MATTER OF THE APPLICATION OF JULIAN P. GASPAR FOR A WRIT OF HABEAS CORPUS.

### No. 2356.

ARGUED FEBRUARY 15, 1938.        DECIDED MARCH 25, 1938.

COKE, C. J., BANKS AND PETERS, JJ.

OPINION OF THE COURT BY COKE, C. J.

On an indictment returned by the grand jury of the third judicial circuit charging him with the crime of manslaughter, Julian P. Gaspar, the appellee, was convicted by a jury in said circuit court of the crime of assault and battery with a weapon obviously and imminently dangerous to life, said cause being entitled "Territory of Hawaii vs. Julian P. Gaspar, criminal No. 679." Following the conviction the presiding circuit judge imposed a sentence of five years and costs of court upon appellee, a mittimus was issued to the sheriff of the County of Hawaii commanding

him to execute the sentence and Gaspar was thereupon taken into custody and imprisoned pursuant to and in execution of the mittimus. Gaspar then filed in the circuit court of the fourth judicial circuit, and addressed to the judge thereof, a verified petition for a writ of *habeas corpus* and for release and discharge from custody. The petitioner, after setting forth in his petition a history of the proceeding, alleges as the basis for his demand for restoration of his liberty, that: "The said verdict of guilty of assault and battery with a weapon obviously and imminently dangerous to life was and is a void verdict for the reason that the said indictment and the defendant's plea of 'not guilty' thereto raised no issue between the Territory of Hawaii and said Julian P. Gaspar as to his guilt or innocence of the crime of assault and battery with a weapon obviously and imminently dangerous to life and that a conviction for the commission of the said last named offense constitutes a conviction without due process of law in violation of the constitution of the United States of America and the statutory laws of the Territory of Hawaii; that the judgment and sentence of said Court based on the said void verdict and the mittimus under which the said Julian P. Gaspar is now being restrained of his liberty were and are likewise void."

On the return day and following a hearing attended by all parties concerned the circuit judge of the fourth judicial circuit held that the prisoner was found guilty of an offense not charged nor included in the indictment, in violation of the prisoner's constitutional rights, and ordered his discharge from custody. The sheriff of the County of Hawaii has perfected an appeal to this court.

Section 5533, R. L. 1935, provides: "Upon the trial of any person charged with any offense he may be found guilty of any lesser degree of the same offense or of any offense necessarily included in that with which he is charged, as

the facts proved may warrant." This section is the out-growth of an Act of the legislature of 1853 which provided: "Under an indictment for robbery, larceny or any other offense, of more than one degree, the Jury may, when the evidence will not warrant a verdict of guilty in the degree for which the prisoner is indicted, return a verdict for any lesser degree of the same offense." L. 1853, p. 35. It was carried over into the criminal code of 1876 and became section 51, chapter 40, thereof. This statute was amended by the legislature of 1907 and as thus amended is now section 5533. It is to be noted that the amendatory Act of 1907 materially extended the scope of the original Act and provided that a person charged with any offense might be found guilty of any lesser degree of the same offense or of any offense necessarily included in that with which he is charged as the facts proved may warrant. Thus a broad general statute came into existence.

Section 5995 provides: "Under an indictment for murder or manslaughter a jury may return a verdict of manslaughter or for assault and battery, as the facts proved may warrant." This section had its origin in the Laws of 1860 (see L. 1860, p. 15). This Act divided manslaughter into three degrees and authorized the jury in the trial of a person indicted for murder or manslaughter to return a verdict of manslaughter in either degree or assault and battery as the facts warranted and subsequently became section 60, chapter 40, L. 1876. It was amended by the legislature in 1923 (see L. 1923, Act 215). The amendment became necessary because the degrees of manslaughter had been abolished. Ordinarily assault and battery is a misdemeanor but where a person is convicted of assault and battery under an indictment charging murder or manslaughter under section 5999 the offense is raised to a felony.

Assault with a dangerous weapon likewise is a felony

(see section 5656) but carries a more severe penalty than assault and battery.

This brief review of the history of the two sections under consideration clearly demonstrates that it was the intention of the lawmakers to retain both of them as component parts of the statutory laws of the country. The first, that is section 5533, is a general statute and purports to empower a jury or judge, as the case may be, in all classes of criminal proceedings to find the accused guilty of any lesser degree of the same offense or of any other offense necessarily included therein as the facts proved may warrant, while section 5995 is a special enactment which deals exclusively with trials under indictments for murder or manslaughter and in this class of cases the jury is restricted, aside from an acquittal, to a verdict of guilty of one or the other of those crimes or of assault and battery as the evidence may justify. We think it is clear that the latter statute is an exception to, and supersedes, the provisions of the general statute, where the accused is on trial under an indictment charging murder or manslaughter. It is a specific limitation upon the power of the jury and in a criminal prosecution under indictment charging manslaughter the jury may return but three types of verdict, namely, "not guilty," "guilty as charged" or "guilty of assault and battery" accordingly as the facts may warrant.

It is an old and familiar rule that where there is, in the same statute, a particular enactment and also a general one, which, in its most comprehensive sense would include what is embraced in the former, the particular enactment must be operative, and the general enactment must be taken to affect only such cases within its general language as are not within the provisions of the particular enactment. (See *United States v. Chase*, 135 U. S. 255.)

Where there are two statutes upon the same subject, one general and the other special, the special statute is recog-

nized as an exception to the generality of the other statute without regard to priority of enactment. (*United States* v. *Hess,* 71 F. [2d] 78. See also *Murphy Oil Co.* v. *Burnet,* 55 F. [2d] 17; 59 C. J. 1058; 25 R. C. L. 1010.) It is to be noticed that section 5995 is not only the more recent of the two statutes but that it was re-enacted by the legislature as late as 1923. If section 5533 is to prevail over the special provisions of section 5995, then it is apparent that the latter statute serves no purpose whatsoever, a conclusion which we cannot accede to.

The question involved here had the attention of this court in *Territory* v. *Alcantara,* 24 Haw. 197, 200. In that case the defendant was indicted for the crime of murder in the first degree. Discussing the nature of the verdict which the jury might have returned this court said: "Under an indictment for murder or manslaughter the jury may return a verdict of manslaughter in any degree or for assault and battery, as the facts proved will warrant. Sec. 3825 R. L. 1915." This section is now section 5995 as amended in 1923.

Our construction of the effect of these statutes compels us to conclude that a person on trial under an indictment charging murder or manslaughter may not be convicted of the crime of assault and battery with a weapon obviously and imminently dangerous to life. But it does not necessarily follow that a person so wrongfully convicted is entitled to release by a writ of *habeas corpus.*

In the present appeal the question involved is solely one of jurisdiction, that is to say, did the circuit judge lose jurisdiction of the person of the accused and of the subject matter of the proceedings because the jury returned a verdict unauthorized by the law? A writ of *habeas corpus* may not be employed to usurp the functions of a writ of error, or appeal to correct errors, omissions, irregularities or mistakes in judgment. It can be called in only to question the

jurisdiction of the court whose judgment is challenged.

"The general rule is that the writ of *habeas corpus* will not issue unless the court, under whose warrant the petitioner is held, is without jurisdiction; and that it cannot be used to correct errors." *In re Belt,* 159 U. S. 95, 100. (See also *Woolsey* v. *Best,* 299 U. S. 1; *People* v. *Atwell,* 232 N. Y. 96; *Knewel* v. *Egan,* 268 U. S. 442; *Riddle* v. *Dyche,* 262 U. S. 333; *Ex parte Craig,* 282 Fed. 138; 12 R. C. L. 1192.)

Assault with a dangerous weapon is defined in section 5656, R. L. 1935, as follows: "Whoever shall commit an assault or assault and battery on another with a knife, sword-cane, or any other weapon obviously and imminently dangerous to life, shall be punished by a fine not exceeding one thousand dollars, or by imprisonment at hard labor not more than five years."

Assault and battery is defined in section 5651, R. L. 1935, as follows: "A battery, or an assault and battery, is the malicious and forcible infliction of a corporal injury on another, without authority or justification by law." An assault and battery with a weapon obviously and imminently dangerous to life, defined in section 5656, *supra,* necessarily embodies the crime of assault and battery, defined in section 5651, *supra.* Under no possible circumstances can a person commit an assault and battery with a weapon obviously and imminently dangerous to life without also perpetrating the crime of assault and battery.

We assume, as we must in the absence of a transcript of the evidence, that the prosecution by sufficient evidence established appellee's guilt of the crime of which he was convicted by the jury, namely, assault with a weapon obviously and imminently dangerous to life and such evidence must necessarily have proved appellee's guilt of the crime of assault and battery, a crime clearly within the scope of the indictment. (See section 5995, *supra.*) The verdict

must stand as a conviction of appellee of the lesser crime and the trial court should have so construed it and imposed sentence accordingly under section 5999, *supra*. And while the sentence imposed by the court was irregular and erroneous and on a direct appeal would entitle appellee to relief, it does not authorize his release on a collateral attack by writ of *habeas corpus* because the error or irregularity did not oust the trial court of jurisdiction. A case strikingly similar is *People* v. *Andre,* 160 N. W. 1011. In that case the defendant was charged with the commission of a felonious assault with intent to do great bodily harm. The jury convicted him of the offense of assault and battery. It was held that assault and battery was not included within the crime charged but the court said: "It does not follow, however, that the verdict must fail entirely. While the information did not include the offense of assault and battery it did include an assault. The jury could not have returned a verdict of assault and battery without finding that an assault had been committed. The verdict should stand as a conviction for assault." So in the case at bar under the indictment the appellee could not be convicted of an assault with a weapon obviously and imminently dangerous to life but could be found guilty of assault and battery because the lower crime is necessarily embraced in the higher and the jury could not have returned a verdict of assault with a weapon obviously and imminently dangerous to life without also having found that an assault and battery had been committed. (See *State* v. *Beatty,* 109 Pac. 1011; *People* v. *Johnson,* 196 N. E. 805; *People* v. *Boer,* 104 N. E. 162; *State* v. *Sorrentino,* 224 Pac. 420; *Harris* v. *State,* 177 S. W. 421.) The trial court therefore should have treated the words "with a weapon obviously and imminently dangerous to life" appearing in the verdict of the jury as mere surplusage and proceeded to adjudge the accused guilty of assault and battery and to impose sentence

accordingly. But because it failed to do so the court did not lose jurisdiction of the person of the accused nor of the subject matter and the prisoner was not entitled to release on a writ of *habeas corpus*. In adjudging the defendant guilty of assault and battery with a weapon obviously and imminently dangerous to life and in imposing sentence upon him under the statute defining that offense the court acted in excess of its jurisdiction. But notwithstanding the expiration of the term of court at which the proceedings in question were had the circuit court of the third judicial circuit still retains jurisdiction, acting upon the application of the defendant or any interested party, to recall its mittimus, amend the judgment so that the defendant will be adjudged guilty of assault and battery and to impose sentence according to law. In *Re Kakaako-Waikiki Road,* 31 Haw. 16, this court affirmed an order of a circuit judge made in 1928 setting aside an order of condemnation made in 1914 because the court lacked jurisdiction to make the order. (See also *Silva* v. *Hind-Clarke Dairy,* 33 Haw. 432; *Goo* v. *Hee Fat, ante,* p. 123.)

The order appealed from is reversed and the cause remanded accordingly but without prejudice to the right and power of the circuit court of the third judicial circuit upon the application of the defendant or otherwise to recall the mittimus and to amend the judgment made and entered on December 18, 1937, in said criminal cause number 679, so that the defendant will be adjudged guilty of the crime of assault and battery and to impose sentence upon him consistent with such amended judgment and in conformity with the provisions of section 5999, *supra.*

*S. B. Kemp,* Attorney General, and *W. H. Beers,* County Attorney of Hawaii (W. H. Beers and A. G. Correa, Deputy County Attorney of Hawaii, on the briefs), for appellant.

*H. Irwin* (Irwin & Harlocker on the brief) for appellee.