Nathel HARVELLE, Plaintiff In Error,

v.

The STATE of Oklahoma, Defendant In Error.

No. A-12182.

Criminal Court of Appeals of Oklahoma.

Sept. 14, 1955.

I. H. Fredricks, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, Judge.

The plaintiff in error, hereinafter referred to as defendant, was charged by information filed in the district court of Oklahoma County with the crime of stealing a 1948 Chevrolet automobile, the property of one Richard Howard. He was tried before a jury and convicted, but the jury being unable to agree upon the amount of punishment left that to the court, who assessed the penalty at ten years imprisonment in the state penitentiary. The applicable statute provides that the punishment shall be by confinement in the state penitentiary for a term not less than three years, nor more than twenty years. Tit. 21 O.S.1951 § 1720.

Defendant was granted by the trial court the full six months in which to perfect his appeal. The petition in error and record were filed in this court on March 17, 1955. Under the rules of the court, then existing, defendant had sixty days thereafter in which to file a brief. (See The Journal, O.B.A., May 21, 1955, in which the time has been shortened to thirty days in felony cases, and twenty days in misdemeanor cases). No brief has ever been filed. On July 6, 1955 counsel appeared for oral argument and requested further time in which to file a brief. This was denied for the reason that no request was filed in time, setting out legitimate reasons for such a request, and no valid grounds were then orally suggested. It is unthinkable that counsel could seriously expect an appellate court to grant such request under the existing situation. Acquiescence in such a policy could be expected to cause a congested docket with years required to process cases that should

be finalized in a matter of months, at the most.

The conviction being for a felony, we are not summarily affirming the case as the inattention to the rules of this court thoroughly justify, Rule 6, 22 O.S.A. c. 18, Appendix; and see Welborn v. State, 95 Okl.Cr. 130, 240 P.2d 1130; Beavers v. State, Okl.Cr., 282 P.2d 783; Lavender v. State, 95 Okl.Cr. 424, 247 P.2d 539, but have carefully read the petition in error, motion for new trial, and the entire record of the trial.

The evidence on the part of the State showed that one Richard Howard, who was employed as a shipping clerk, lived at the Victoria Hotel, 205 South Broadway, Oklahoma City; that he was also a student at the Oklahoma City University; that on the night of March 28, 1954 at around 11 o'clock he parked his automobile near the front of the hotel; that he gave no one permission to drive his car; the car disappeared. He next saw it at Purcell, Oklahoma, completely wrecked, and he had to sell it for junk. He did not know whether he had left his car so that it could be driven without the use of his ignition key or not. He had not locked the doors of the car by reason of the lock on a front door being broken.

Herman Allen, an officer of the State Highway Patrol, stationed at Purcell, testified that at about 4:30 the morning of March 29, 1954 he received a call to investigate an accident on U. S. Highway 77 just north of Lexington, in Cleveland County, and got to the scene in a matter of a very few minutes, as he was only a mile away. Said he: "Mr. Harvelle was lying in this wrecked automobile that he had turned over there about three times and come to rest on its wheels, and, he was lying in the front seat, partly in the front seat and partly on the ground, and his feet were still in the car and his head was down toward the ground." He further said that the automobile was a 1948 Chevrolet two-door, Oklahoma license 1–93565; there were numerous books and pamphlets scattered about in the car. He found the name "Richard Howard" written on the books and pamphlets. Officer Allen assisted an ambulance driver in getting defendant Harvelle to a hospital in Purcell, where the injured man was given emergency treatment. The defendant smelled strongly of alcohol. When the defendant regained consciousness on the way to the hospital the officer talked with him, as he did after reaching the hospital. Defendant admitted that he had no driver's license, claimed that the car belonged to a friend; said that he was on his way to Purcell to see his common-law wife from whom he was temporarily separated. Defendant claimed that he had only had two bottles of beer to drink, and that he was not drunk. He refused to take a blood test. That a check on the car proved it to belong to Richard Howard, who came to Purcell and identified it; and that after the stolen report came in defendant would not thereafter admit that he ever remembered driving the car.

The defendant testified and said that he was employed at a service station in Oklahoma City on March 28, 1954, and that when he got off from work around 4 p. m. he went to the Terminal Hotel Bar and commenced drinking beer; that he also purchased two pints of whiskey; another man helped him drink the whiskey; and then about 7 p. m. they started drinking corn whiskey, had a quart fruit jar full; that he and this man got a second quart of corn whiskey, but left the hotel about 11:30 p. m. and got in the car in question; that this man just walked up to it like it belonged to him. Witness did not know what happened to this man; said that he remembered nothing from then on until Friday night following, except being driven around Oklahoma City and falling asleep. He admitted prior convictions for crime. He was vague as to places and dates.

On cross-examination defendant admitted previous convictions in Portland, Oregon for being drunk and disorderly in 1946, and also in 1947; to a conviction in 1949 for assault and battery; and in 1949 for petit larceny; and in 1950 for vagrancy and drunkenness, and also for bur-

glary, second degree; and in 1951 for passing worthless checks, again for drunkenness, and in 1952 at Portland, Oregon was convicted for petit larceny. He also admitted other convictions, including one for larceny of money at Oklahoma City in 1954.

The court carefully instructed the jury, and instructed them as to defendant's theory of defense.

We discover no error in the admission of evidence, or in the instructions to the jury.

■ The complaint in petition in error that the witness for the State, Herman Allen, Highway Patrolman, testified differently at the preliminary hearing in material respects from the way he testified at trial, is without merit, for the reason that the burden was on defendant to so show at trial, by laying a foundation by the testimony of persons present at the preliminary, and having the court reporter read from the officer's testimony at the preliminary. Otherwise, the record that would be brought to this court would not be sufficient to enable this court to intelligently pass on the question.

Elaborating. Counsel in cross-examination of State's witness Allen presumably was well aware of whether or not he had testified differently in the preliminary, and when the officer denied having testified differently, it was then counsel's duty, not only to his client but as an officer of the court, to produce witnesses who heard such testimony, if it was not made of record, to show such material discrepancy. On the other hand, if such testimony was taken down in shorthand, permission should have been sought to have the reporter read from his notes. If the reporter was available and the court had refused the request, counsel could have dictated into the record in what respect the testimony of witness varied at preliminary from his testimony at trial. The same procedure would have been proper where the variance was a surprise and the court reporter was not available, and during a recess he had not been found. Then on motion for new trial, counsel could have obtained from the court reporter a certified copy of the testimony supporting his contention. Counsel would thus have shown his good faith in asking questions calculated to cast doubt on the testimony of witness Allen, a laudable tactic where supported by fact, but to be condemned where not justified by truth.

■ No doubt the jury considered defendant's story about "a man" who drank with him and drove the car but who for some mysterious reason soon left the car and was not with him at the time of the wreck, a phantom man. Defendant's record for crime probably had some bearing on the jury not believing his story. It seems a miracle that defendant did not kill innocent pedestrians or motorists during his drunken driving foray. The court was most lenient in the matter of the assessment of the penalty. The evidence overwhelmingly supports the verdict. Ryan v. State, 97 Okl.Cr. 119, 258 P.2d 1208; Gray v. State, 97 Okl.Cr. 121, 258 P.2d 950.

The judgment appealed from is affirmed.

JONES, P. J., and BRETT, J., concur.