John R. SMITH, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A-12193.

Criminal Court of Appeals of Oklahoma.

Oct. 5, 1955.

Rehearing Denied Nov. 23, 1955.

Neptune & Stocker, Bartlesville, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., James P. Garrett, Asst. Atty. Gen., for defendant in error.

POWELL, Judge.

The plaintiff in error, John R. Smith, hereinafter referred to as defendant, was charged in the county court of Washington County with the crime of selling intoxicating liquors; was tried before a jury, found guilty and punishment was by the jury assessed at a fine of $500 and six months imprisonment in the county jail,—the maximum under the statute. Tit. 37 O.S.1951 § 1.

Following the filing of the petition in error, record and brief by the defendant in this court, the Attorney General filed a motion to dismiss the appeal, based on the grounds:

"2. That plaintiff in error did not give notice in open court of intention to appeal within ten (10) days from and after the day of judgment and sentence, as required by 22 O.S.1951, § 1055, nor did plaintiff in error ever, at any time, give notice in open court of his intention to appeal.

"3. That failure to give notice of intention to appeal in open court, as required by statute, is fatal to the at-

tempted appeal, and the same is therefore a nullity and ought to be dismissed."

Following the above and on June 1, 1955, the defendant filed in this court a motion for completion and correction of casemade, attached to which was a certified copy of order nunc pro tunc entered by the county judge of Washington county, Oklahoma, dated the 27 day of May, 1955, purporting to have the order overruling the motion for new trial filed in that court and dated December 10, 1954 speak the truth, by showing that counsel for defendant at said time actully did in open court give notice of his intention to appeal the case to the Criminal Court of Appeals, and that the court fixed the appeal bond in the amount of $500.

■■ Thereafter, the state filed an answer brief and the case was orally argued. No question was raised as to notice to the county attorney of hearing of the motion in the county court of the application for the order nunc pro tunc, Ex parte Wray, 61 Okl.Cr. 162, 66 P.2d 965, so that we assume proper notice was given. The record shows that the judgment and sentence were rendered on December 10, 1954, and that the motion for new trial was overruled on the same day. The correction of the record to show that notice of intention to appeal to the Criminal Court of Appeals was given in open court at the time of the overruling of motion for new trial, was within ten days of the entry of the verdict and judgment, as required by Tit. 22 O.S.1951 § 1055, and we hold was in time. This view renders moot the issue raised by the proposition of the Attorney General that a written notice of intention to appeal filed with the clerk of the court and served on the county attorney within ten days after verdict and judgment appealed from is insufficient, unless within less than ten days of the expiration of the term of court.

Coming now to the first two of the three specifications of error urged for reversal of the conviction, it may be stated that the basis of the first two specifications is the assertion that the trial court did not properly define the offense of selling intoxicating liquor.

As pointed out by the Attorney General, Instruction No. 1 advised the jury that it was unlawful for any person to furnish, or to manufacture, or to sell, barter, give away or otherwise furnish intoxicating liquors, or to solicit the purchase or sale of any such liquor. Included in said Instruction No. 1 was the following language: "* * * or to have the possession of any such liquors with the intention of violating any of the provisions of this chapter." In a separate paragraph the court set forth the punishment for a violation. The provisions of Tit. 37 O.S.1951 § 1 were followed.

In the preamble or introductory part of the instructions, the trial court had advised the jury that defendant was charged with the offense of selling intoxicating liquor, and that defendant was charged with selling intoxicating liquor at Johnny's Supper Club. At trial no evidence was introduced attempting to show unlawful possession of intoxicating liquor.

In Instruction No. 1 the court largely in the language of § 1 of Title 37, O.S.1951, set out the law with reference to the sale of intoxicating liquor and erroneously added the phrase found in said section: "or to have the possession of any such liquors with the intention of violating any of the provisions of this chapter."

It is clear from reading the instructions as a whole, that the jury was required to determine but one issue, and that was whether the defendant at Johnny's Supper Club, on U. S. Highway No. 75 in Washington County, on May 9, 1954 sold intoxicating liquors.

On the issue raised Deputy Sheriff Paul W. Webber testified that at about 2:00 a. m., on Sunday, May 9, 1954 he went to John Smith's Supper Club, followed in another car by Deputy Sheriff Jack Cox and Sheriff Spears; that witness entered the Club and thereafter purchased three drinks of whiskey across the bar; that there were four or five other people around the bar who bought and paid for drinks of whiskey. Witness said that he had been in the Club about twenty mintues before the sheriff entered.

On cross-examination witness said that the defendant personally sold him a drink

of whiskey. Witness denied that at a civil trial he had sworn that the only person who had sold him whiskey was a woman.

■ Counsel thereafter made no attempt to impeach the statements of witness Webber. This could have been done by having the court reporter in the civil trial read from his notes, or it could have been shown otherwise. Counsel owed such duty not only to his client, if there was a basis in fact for the insinuation, but as an officer of the court. The practice of counsel asking such questions of a witness and then failing to follow through and show his good faith by introduction of evidence to show his sincerity and good faith is to be condemned. See Hilyard v. State, 90 Okl.Cr. 435, 214 P.2d 953, 28 A.L.R.2d 961, and the late case of Harvelle v. State, Okl.Cr., 288 P.2d 205, where this principle is involved.

The defendant testified that he was in the kitchen of his Club preparing sandwiches and did not sell the deputy sheriff any whiskey. It was made to appear that witness had claimed that a woman clerk had sold him a drink of whiskey. Defendant was asked: "Were there any drinks of whiskey sold up there that evening? A. There had been earlier, probably, but I did not sell any whiskey, I am sure of that."

■ Thus it is evident, and without doubt, that the defendant was operating a bar in connection with his club, and either personally sold the deputy sheriff a drink of whiskey, as the deputy testified, or sold him through a woman bar maid. See Tit. 22 O.S.1951 § 1068; and also see Quick v. State, 51 Okl.Cr. 121, 299 P. 242, and cases cited, where it is held that the giving of erroneous instructions is not always ground for reversal. It was there said:

"Instructions to juries should be considered in the light of the testimony of the case in which they are given. Where it appears from an inspection of the entire record that the guilt of the accused is conclusively established, errors in the instructions given, which could not have injured the appellant, will not be ground for reversal."

■ We conclude in view of the evidence that the instructions complained of, while not models, were sufficient, and the deficiency was not sufficient to cause a reversal.

The record discloses that at commencement of the proceedings the bailiff brought into the court room in sight of the jurors in the box and others of the panel in the court room, an open shoe box in which was plainly visible two or three half pint bottles of whiskey. This box was placed on the counsel table in front of the County Attorney. Thereafter, in the words of the record:

"The clerk called six prospective jurors who took their places in the jury box. The county attorney in his preliminary statement to the jurors in the box and the other prospective jurors in the court room read the substance of the charge alleging possession of intoxicating liquor from the information in case No. 4604, which was then pending against the defendant, John R. Smith. Counsel for defendant made objection whereupon the county attorney was informed he was basing his statement on the wrong charge, and he then obtained the information in the instant case and proceeded. A jury was then empaneled and sworn to try said cause."

Prior to the calling of witnesses defense counsel interposed the following objections:

"By Mr. Neptune: Let the record show that there was brought into the courtroom by the bailiff, in plain view of the jury, an uncovered shoe box with two or three half-pint bottles of whiskey, plainly visible, and he placed the same on the counsel table in front of the county attorney, to which the counsel for the defendant objects as it is incompetent, irrelevant and has no relation to this case.

"By Mr. Plunkett: Let the record show that he brought it in at the request of the county attorney.

"The Court: Objection overruled."

Defendant did not move for a mistrial either at the time the information was read or at any later period during the trial.

There is no record of the voir dire examination of the prospective jurors following the erroneous reading by the county attorney of the wrong information in the case. The record does show, however, that the court refused to permit defense counsel to argue to the jury the conduct of the bailiff in placing bottles of liquor on the counsel table and followed thereafter by the action of the county attorney in reading an information charging the defendant with the illegal possession of intoxicants—a crime for which conviction had not been had, and one apparently arising out of the charge for which defendant was actually tried and convicted.

The liquor in question should have been removed from the counsel table, and it would have been proper for the court to have admonished the prospective jurors that the first information read by the county attorney was in error and had no bearing on the charge for which defendant was actually to be tried, and could not be considered for any reason.

It is our conclusion that in argument of the case to the jury the court did not err in refusing to permit argument concerning the mistake of the county attorney with reference to the bottles of whiskey and the reading of the wrong information, which we determine were not within the issues in the case. Robertson v. State, 96 Okl.Cr. 132, 250 P.2d 62; Abbott v. State, 78 Okl.Cr. 407, 149 P.2d 514.

It is our further thought that even a number of errors are insufficient to cause a reversal where such errors are not prejudicial to the substantial rights of the accused, and where the evidence is conclusive of guilt as in this case. East v. State, 36 Okl.Cr. 430, 255 P. 157; Igo v. State, Okl.Cr., 267 P.2d 1082.

We have now for consideration the matter of the punishment assessed. The inadvertence of the county attorney in reading the wrong information to the jury and in having in plain sight liquor to support the information so read, while in this particular case in view of the evidence later developed and the fact that a mistrial was not asked for, was not sufficient to cause a reversal, cannot but be a factor to be considered in reviewing the assessment of punishment by the jury. The penalty was the maximum provided by statute. If there had been evidence of previous convictions for the crime charged or allied crimes, we would not be bothered with evaluating the possible influence of the errors mentioned., But here defendant testified and presumably if he had been previously convicted of any crime he would have been questioned as to such record. Of course the jury may from the evidence have concluded that the defendant was operating a regular saloon with bar maids. But such conclusion may have been forced on some by reason of the quantity of whiskey viewed. And while we have no doubt of the guilt of the defendant, in the interest of fair play we are constrained to reduce the amount of punishment assessed from six months in jail to three months, and the fine from $500 to $250, and as so modified, the judgment appealed from is affirmed.

JONES, P. J., and BRETT, J., concur.