STATE OF HAWAII *v.* THOMAS KALUA TRAVIS.

No. 4187.

JANUARY 18, 1962.

TSUKIYAMA, C. J., CASSIDY, WIRTZ,
LEWIS AND MIZUHA, JJ.

OPINION OF THE COURT BY MIZUHA, J.

Defendant-appellant, Thomas Kalua Travis, after a jury trial, was found guilty of assault and battery with a

weapon obviously and imminently dangerous to life.[1] The appeal was submitted on the briefs without argument.

Appellant assigns as error that the trial court instructed the jury that "* * * a .22 caliber Winchester rifle is a weapon obviously and imminently dangerous to life within the meaning of the statute." Appellant contends that: "The instruction in this language is error without further amplification of the 'use' of the said weapon."

In *Territory* v. *Wong Pui*, 29 Haw. 520 (Banks, J., concurring at 524), it was said: "It is obvious to my mind that the indictment charges an assault and battery with the kind of weapon [pistol] mentioned in the statute * * *."[2] In an assault with a weapon obviously and imminently dangerous to life, where a pistol was used, the weapon "* * * would require no proof of its character, since an inspection of it or a description of it would make its character apparent to the jury, whereas the term 'a dangerous weapon' would include a larger class of weapons, some of which would not be obviously and imminently dangerous to life." *In re Titcomb*, 9 Haw. 131, 133. Some weapons [pistol and revolver] under particular circumstances, are so clearly lethal that the court may declare them to be such as a matter of law. See *Beeler* v. *State*, 334 P.2d 799 (Okla. Crim. 1959).

---

[1]R.L.H. 1955, § 264-3, reads as follows: "Whoever commits an assault and or a battery (a) with any weapon obviously and imminently dangerous to life, * * * shall, unless a greater penalty is otherwise provided by law, be fined not more than $5,000 or imprisoned at hard labor not more than ten years, or both."

[2]The statute (R.L.H. 1915, § 3880) read: "Whoever shall commit an assault or an assault and battery on another with a knife, sword-cane, or any other weapon obviously and imminently dangerous to life, shall be punished by a fine not exceeding one thousand dollars, or by imprisonment at hard labor not more than five years." This was section 11056 of c. 239, R.L.H. 1945, until that chapter was amended throughout by S.L.H. 1949, Act 325, at which time the provisions involved here, now R.L.H. 1955, § 264-3, were enacted.

Further, the court did instruct the jury that a conviction would be warranted if they found that an assault and battery was committed upon the complaining witness with a weapon obviously and imminently dangerous to life, as follows:

> "If you find from all the evidence in the case beyond a reasonable doubt that this defendant committed an assault and battery, as explained in these instructions, upon David Ferreira with a weapon obviously and imminently dangerous to life as charged in the indictment,[3] then you are justified in finding him guilty * * *."

Where an instruction complained of could not have misled the jury when taken with other instructions, there is no prejudicial error. *Territory* v. *Lake*, 26 Haw. 764, 766. "[The] refusal or giving of requested instructions must be interpreted, or considered, in connection with the entirety of the court's charge to the jury." *Territory* v. *Aquino*, 43 Haw. 347, 380. Moreover, the evidence, which was undisputed, clearly established that the appellant fired the .22 caliber Winchester rifle several times, striking the ground around the feet of the complaining witness, and one of the bullets hitting and wounding him in the foot. Thus, upon scrutiny of the entire record, we find no indication that the jury was in any way misled as to the use of the weapon. Under such circumstances

---

[3]The indictment reads: "The Grand Jury of the First Judicial Circuit of the Territory of Hawaii does present that THOMAS KALUA TRAVIS, in the City and County of Honolulu, Territory of Hawaii, and within the jurisdiction of this Honorable Court, on the 14th day of March, 1959, feloniously, intentionally and maliciously, and without authority and justification by law, did hold, point, aim, fire, discharge and shoot a loaded .22 caliber Winchester rifle at the person of David Ferreira, thereby wounding and injuring said David Ferreira, said rifle being a weapon obviously and imminently dangerous to life, and did then and there and thereby commit the offense of Assault and Battery with a Weapon Obviously and Imminently Dangerous to Life, contrary to the form of the statute in such case made and provided."

there was obviously no prejudicial error in the instruction. Question on review of instructions is not whether they were technically correct, but whether defendant could have suffered prejudice on their account. *Walker* v. *People,* 126 Colo. 135, 248 P.2d 287. See also *People* v. *Leach,* 398 Ill. 515, 76 N.E.2d 425; *Smith* v. *State,* 290 P.2d 170 (Okla. Crim. 1955). "In determining the sufficiency of a particular instruction, or part of a charge, it is not to be considered apart from its context, or the rest of the charge. Both in civil and in criminal cases the instructions of the court must be read together as one connected whole, to ascertain whether they correctly declare the law. The omissions or inaccuracies of one instruction may be cured by the contents of the other instructions, or some of them, and if, when the instructions of the court are considered as a whole, they correctly state the law and are not inconsistent or misleading, the fact that a particular instruction or isolated paragraph may be objectionable, as inaccurate or misleading, will not constitute ground for reversal." *Ciacci* v. *Woolley,* 33 Haw. 247, 261-62; *Ginoza* v. *Takai Elec. Co.,* 40 Haw. 691, 711-12.

Appellant assigns as error the giving of State's Instruction No. 4, which reads as follows:

"I further instruct you that if you find from all the evidence in the case beyond a reasonable doubt that this defendant committed an assault and battery, as explained in these instructions, upon David Ferreira with a weapon obviously and imminently dangerous to life, as charged in the indictment, then you are justified in finding him guilty even if you should believe from the evidence that this defendant did not intend to take the life of David Ferreira or to inflict great bodily harm upon said David Ferreira."

An assault and battery with a dangerous weapon with

intent to commit murder and an assault and battery with a weapon obviously and imminently dangerous to life are separate and distinct crimes. *In re Titcomb, supra; Territory* v. *Regusira,* 26 Haw. 84. The crime charged in the instant case is the latter and not the former. The element of intent was not in issue. The crime of assault with a weapon obviously and imminently dangerous to life is not a lesser included offense, nor a necessarily included offense, when the defendant is charged with assault with a weapon with intent to commit murder. *Territory* v. *Regusira, supra* at 87.

State's Instruction No. 4 made it clear to the jury that even though there was no evidence of intent to commit murder or inflict great bodily harm in doing those acts which were introduced in evidence in the instant case, the jury would still be justified in finding the defendant guilty of assault and battery with a weapon obviously and imminently dangerous to life. We find no error.

It is further contended that the trial court erred in instructing the jury that it could return either one of two verdicts, *i.e.,* (1) guilty of assault and battery with a weapon obviously and imminently dangerous to life or (2) not guilty, and in refusing to include a third alternative verdict, *i.e.,* guilty of assault and battery by wounding with a weapon. An instruction on a lesser offense will be given only if and when the facts at the trial may warrant. R.L.H. 1955, §§ 258-49, 264-8. *Republic* v. *Kapea,* 11 Haw. 293, 310; *Territory* v. *Alcantara,* 24 Haw. 197, 203. See *In re Gaspar,* 34 Haw. 484, 488.

In reviewing the record we find no evidence to indicate that the .22 caliber Winchester rifle was used in a manner not obviously and imminently dangerous to life to justify an instruction to the jury that they could return a verdict of "guilty of assault and battery by wounding with a weapon" under the provisions of R.L.H. 1955, §§

264-5(b) and 264-8 which appear in the margin below.[4]
Affirmed.

*Ambrose J. Rosehill* for appellant.

*John H. Peters,* Prosecuting Attorney and *Francis T. DeMello,* Deputy Prosecuting Attorney for appellee.

---

[4]Section 264-5(b). "By wounding or by inflicting grievous bodily harm upon another, either with or without a weapon, or * * *."

Section 264-8. *"Lesser offense punishable when.* Upon the trial of any person charged with any offense enumerated in sections 264-1 to 264-7, he may be found guilty of any offense necessarily included in that with which he is charged, as the facts may warrant."