883 P.2d 638

**STATE of Hawai'i, Plaintiff–Appellee,**

v.

**Clifford CABRAL, Defendant–Appellant.**

**No. 16252.**

Intermediate Court of Appeals of Hawai'i.

Oct. 11, 1994.

Certiorari Denied Oct. 31, 1994.

Alvin T. Sasaki on the briefs, Paul Murakami in substitution after November 9, 1993, Honolulu, for defendant-appellant.

Caroline M. Mee, Deputy Pros. Atty., City and County of Honolulu, on the brief, Honolulu, for plaintiff-appellee.

Before HEEN, WATANABE and ACOBA, JJ.

ACOBA, Judge.

Defendant–Appellant Clifford Cabral (Defendant) was initially indicted on September 20, 1989 for murder under Hawai'i Revised Statutes (HRS) § 707–701 (1985)[1] for causing the death of Michael Chun, a minor, (Count I), and murder of the same minor under HRS §§ 707–701 and 702–203(2) (1985) by "omitting to perform a duty imposed by law"[2] (Count II). The minor was Defendant's stepson.[3] Defendant was convicted on Count I for the lesser included

offense of manslaughter and on Count II for murder. The family court sentenced him only under Count II to life imprisonment. After an appeal, Defendant's conviction and sentence were reversed as to Count II. *State v. Cabral* 8 Haw.App. 506, 810 P.2d 672 (1991). This court remanded the case for a new trial on the basis that the "jury instructions [on Count II] were materially and prejudicially insufficient." *Id.* at 516, 810 P.2d at 678 (citing *State v. Correa,* 5 Haw.App. 644, 706 P.2d 1321 (1985)). In remanding the case for a new trial, this court issued an order "vacating the verdict, sentence, and judgment of conviction entered on Count II . . . [and] not disturbing the verdict in Count I[.]" *Id.* at 511–12, 810 P.2d at 676. Retrial of Defendant on Count II was allowed and instructions rendered on how Defendant was to be sentenced if the State decided to retry him on Count II.[4] *Id.* at 512, 810 P.2d at 676.

On the retrial of Count II, a jury found Defendant guilty as charged, and the family court sentenced him on June 2, 1992[5] to life in prison with the possibility of parole. Defendant filed this appeal from the judgment entered on June 2, 1992.

Defendant raises two issues on appeal: (1) whether the instruction defining murder by omission was correct and (2) whether defense counsel's agreement to the said instruction deprived Defendant of his right to effective assistance of counsel.

**I.**

The record discloses that when the parties were settling instructions, the State offered the disputed instruction as State's Supple-

---

1. Hawai'i Revised Statutes (HRS) § 707–701 (1985) states, "a person commits the offense of murder if he intentionally or knowingly causes the death of another person."

2. HRS § 702–203 (1985) states in full:
   **Penal liability based on an omission.** Penal liability may not be based on an omission unaccompanied by action unless:
   (1) The omission is expressly made a sufficient basis for penal liability by the law defining the offense; or
   (2) A duty to perform the omitted act is otherwise imposed by law.

3. Michelle Cabral, the deceased minor's mother, was indicted with Defendant for murder in Count I and for the offense of murder under HRS §§ 707–701 and 702–203(2) in Count III. Pursuant to a plea bargain she made, Count I was dismissed and Count III reduced to a manslaughter charge.

4. The opinion states:
   If the State decides to retry [Defendant] of Count II for murder by voluntarily omitting to perform a duty imposed by law, it may do so. If the Count II verdict finds [Defendant] not guilty or guilty of a crime less serious than manslaughter, the family court shall sentence [Defendant] on the Count I manslaughter verdict. If the Count II verdict finds [Defendant] guilty of manslaughter, the family court shall sentence [Defendant] on either the Count I or the Count II manslaughter verdict. If the Count II verdict finds [Defendant] guilty of murder, the family court shall sentence [Defendant] on the Count II murder verdict.
   *State v. Cabral,* 8 Haw.App. 506, 516–17, 810 P.2d 672, 678 (1991).

5. In accordance with this court's instructions in the first appeal, Defendant was not sentenced on Count I. *See* note 4, *supra*.

mental Instruction No. 1.[6] It requested an additional paragraph reading, "There are three elements to this offense. They are, colon, one, the defendant caused the death of Michael Chun. Two, by voluntarily omitting to perform a duty imposed by law. Three, the defendant caused the death intentionally or knowingly." Defendant's counsel objected to the "second element language . . . because use of the word 'by, B–Y' following after 'one,' sort of matched that that is a separate element." The court, "for grammatical consistency," suggested that element two should read, "the defendant voluntarily omitted to perform a duty imposed by law," thus deleting the preposition "by" from the "second element language." The defense agreed, the State did not object, and the instruction was read to the jury with the additional paragraph as modified by the court. The deletion of the preposition "by" is the basis for Defendant's first appeal point and defense counsel's agreement to the deletion is the basis for Defendant's second appeal point.

We examine, then, the instruction in issue. State's Supplemental Instruction No. 1 given to the jury stated:[7]

> The Defendant is charged with the offense of Murder.
>
> A person commits the offense of Murder when he intentionally or knowingly causes the death of another person by voluntarily omitting to perform a duty imposed by law.
>
> There are three material elements of the offense of Murder, each of which must be proven beyond a reasonable doubt. These elements are:
>
> 1. The Defendant caused the death of Michael Chun.
>
> 2. The Defendant voluntarily omitted to perform a duty imposed by law.

3. The Defendant caused the death intentionally or knowingly.

Defendant asserts that the failure to include the preposition "by" between elements one and two made the instruction "prejudicially insufficient and misleading." He argues it "allowed the jury to convict [Defendant] of murder without making the critical finding of whether the evidence proved beyond a reasonable doubt that by voluntarily omitting to perform a duty imposed upon him by law, [he] intended or knew that Michael Chun would die."

But the same instruction[8] correctly described the offense in its second paragraph as follows: "A person commits the offense of murder when he intentionally or knowingly causes the death of another person by voluntarily omitting to perform a duty imposed by law." There is no dispute that the foregoing is a correct statement of the law. However, the circuit court did omit "by" in the court's description of the offense's elements.

▆ Obviously, had the circuit court stated the elements of the crime as it had initially stated them in the same instruction, no question would have arisen. It is clear under HRS § 702–203(2), that for criminal liability to be based on an omission to act, the resulting harm must be caused *by* the omission to perform a duty imposed by law. *See State v. Batson,* 73 Haw. 236, 251 n. 8, 831 P.2d 924, 932 n. 8 (1992); *State v. Tucker,* 10 Haw.App. 43, 53, 861 P.2d 24, 30 (1993) (*cert. granted and remanded,* 74 Haw. 652, 857 P.2d 600, *on remand* 10 Haw.App. 73, 861 P.2d 37, *recon. denied,* 10 Haw.App. 94, 863 P.2d 989); *Commentary to HRS § 702–203* (1985). Manifestly, then, the connection between the resulting harm and the omitted act must be expressly communicated to the jury in the court's instructions.

---

6. The record does not include a copy of the original State Supplemental Instruction No. 1 showing that it was modified by an additional paragraph. The instruction in the court file does not reflect any modification but sets forth the instruction as reproduced in this opinion. According to the circuit court's notation, the instruction was "given by agreement." However, the transcript reflects it was actually modified by agreement.

7. We refer to this instruction as State's Supplemental Instruction No. 1 since the trial court did not renumber the instructions given to the jury. Reference to other instructions are by the number given to them by the parties.

    Replication of the instruction does not indicate our approval of other aspects of the instruction for use in future cases.

8. A written copy of the instruction was also provided to the jury.

However, the fact that the omission of a word in an instruction may be objectionable will not result in reversal if, when read together with the other instructions, the instructions as a whole "'correctly state the law and are not inconsistent or misleading[.]'" *State v. Pinero,* 75 Haw. 282, 292, 859 P.2d 1369, 1374 (1993) (quoting *State v. Travis,* 45 Haw. 435, 438, 368 P.2d 883, 886 (1962)). We hold, therefore, that in describing the elements of an offense based on the omission to perform a duty imposed by law under HRS § 702–203(2), the circuit court shall indicate in its instructions that the harm was caused "by" the omission to perform the relevant duty, although the question of whether the failure to do so constitutes reversible error necessarily depends, in any particular case, on an evaluation of the instructions as a whole.

As we have already noted, the court correctly included the preposition "by" in a definition of the offense in the same instruction outlining the material elements. Additionally, State's Supplemental Instruction No. 14 reiterated that the offense charged was murder by omission of a legal duty. Under this instruction, the jury was instructed that it was to return "one of five verdicts." State's Supplemental Instruction No. 14 states that one of the verdicts returnable by the jury was: "2. Guilty of the offense of murder (by intentionally or knowingly causing the death of Michael Chun by voluntarily omitting to perform the duty of a stepparent, as earlier explained by the Court.)" Moreover, in State's Supplemental Instruction No. 10, the court instructed the jury that "A steparent [sic], acting *in loco parentis,* has a legal duty to provide reasonably necessary and available medical services for his stepchild...." The duty, the omission of which would result in criminal liability as set forth in State's Supplemental Instruction No. 1, thus, was plainly defined in State's Supplemental Instruction No. 10, making evident that the duty Defendant omitted to perform as a stepparent, was to provide medical services for the decedent stepchild.

An examination of the instructions as a whole, accordingly, indicates that the omission of the word "by" in the elements' description of State's Supplemental Instruction No. 1, was not material. The definition of the offense was clearly set out in the same instruction and reiterated in another instruction. While not determinative of the correctness of the instructions, the verdict form signed by the jury foreman, states, significantly, that the jury had found Defendant guilty of "causing the death of Michael Chun *by* voluntarily omitting to perform the duty of a stepparent." (Emphasis added.) Consequently, it appears obvious that the jury correctly understood and applied the law.

Under Hawai'i Rules of Penal Procedure Rule 30(c), the court's instructions must "afford ... the jury an adequate and understandable charge." We find, under the circumstances, that the instructions here were adequate and as a whole, did correctly state the law and were so understood by the jury.

### II.

Having found that the instructions as a whole correctly stated the law, it is not necessary to consider Defendant's claim of ineffective assistance of counsel.

The Judgment of conviction is affirmed.